United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| PAUL WARD, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00064 |
| | § | |
| CITADEL SERVICING | § | |
| CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before me is Plaintiff's Motion to Remand. Dkt. 8. Intervening Defendant ServiceMac, LLC has filed a response in opposition. *See* Dkt. 13. Having considered the parties' briefing and the applicable law, I recommend that Plaintiff's motion be denied.

### BACKGROUND

This lawsuit concerns real property located at 2643 Cutter Court, Manvel, Texas 77578 (the "Property"). On February 3, 2026, Plaintiff Paul Ward, representing himself, filed suit in the 149th Judicial District Court of Brazoria County, Texas, against Citadel Servicing Corporation d/b/a Acra Lending. Ward sought to enjoin a non-judicial foreclosure sale scheduled that same day.[1]

On March 2, 2026, ServiceMac, acting on behalf of Citibank, N.A., not in its individual capacity but solely as owner trustee of Bravo Residential Funding Trust 2024-NQM6, filed a Plea in Intervention, asserting that it was the mortgage servicer at the time of the foreclosure sale and the proper real party in interest. That same day, ServiceMac removed the case to federal court based on diversity jurisdiction. *See* Dkt. 1. On March 16, 2026, two weeks after removal, Ward filed a motion to remand.

---

[1] Ward filed the lawsuit after the foreclosure sale had already been completed.

## LEGAL STANDARD

The federal removal statute permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. *See* 28 U.S.C. § 1441(a). One such grant of authority is diversity jurisdiction, in which district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires that no plaintiff be a citizen of the same state as any defendant. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir. 1993). Diversity jurisdiction is assessed at the time of removal. *See Coury v. Prot*, 85 F.3d 244, 248–49 (5th Cir. 1996).

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quotation omitted). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted).

## ANALYSIS

Before I address Ward's arguments against removal, I must satisfy myself that diversity jurisdiction exists. That means I must determine (1) whether the amount in controversy exceeds $75,000; and (2) whether complete diversity of citizenship exists.

The amount-in-controversy threshold is easily satisfied. Because Ward sought injunctive relief to prevent a foreclosure sale, the amount in controversy is measured by the value of the Property. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the

2

object of the litigation; the value of that property represents the amount in controversy."). Because the Property "appraises for an estimated $375,000," the jurisdictional threshold is satisfied. Dkt. 1-4 at 7.

There is also complete diversity of citizenship. The Property is Ward's homestead. *See* Dkts. 1-4 at 7–8; 1-7 at 2. Thus, Ward is a Texas citizen. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (for purposes of diversity jurisdiction, an individual is a citizen of the state where he establishes his domicile). As far as the Defendants are concerned, none are citizens of the State of Texas. Citadel is a California corporation with its principal place of business in California. Thus, Citadel is a citizen of California for diversity purposes. *See* 28 U.S.C. § 1332(c)(1). ServiceMac's sole member is First American Financial Corporation, a Delaware corporation with its principal place of business in Santa Ana, California. As such, ServiceMac is treated as a citizen of Delaware and California for the diversity analysis.[2] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Because Ward is a Texas citizen and none of the defendants are Texas citizens, complete diversity of citizenship exists. I now turn to Ward's arguments as to why he believes remand is required.

First, Ward argues that the forum-defendant rule mandates remand. The forum-defendant rule prevents defendants from removing an otherwise removable action if any of the properly joined and served defendants is a citizen of the forum-state. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). This means that even if the federal district

---

[2] Although ServiceMac is an intervenor, it had the right to remove this action because it is properly aligned as a defendant since it took over servicing duties from Citadel for the loan at issue. *See Konecny v. Espinoza*, No. SA-23-cv-00054, 2023 WL 2352940, at *3 (W.D. Tex. Mar. 2, 2023) ("If the intervenor is properly aligned as a defendant, most courts agree that an Intervenor may file a notice of removal."); 14C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3730 (Rev. 4th ed.) ("Intervenors may file notices of removal if they are properly aligned as defendants." (collecting cases)).

court has subject-matter jurisdiction (there is complete diversity), the removal is still procedurally improper if one of the properly joined and served defendants is from the forum-state. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020) (recognizing that "the forum-defendant rule is a procedural rule and not a jurisdictional one"). "The forum-defendant rule exists because removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court, but those concerns are absent in cases where the defendant is a citizen of the state in which the case is brought." *Turner v. Aerion Rental Servs., LLC*, No. CV 23-1666, 2024 WL 5703920, at *3 (M.D. La. June 5, 2024). Because none of the defendants are citizens of the forum state (Texas), the forum-defendant rule does not apply here.[3]

Second, Ward contends that snap removals are improper. "A snap removal is a term of art used to describe a defendant's proper invocation of § 1441(b)(2) to remove an action before a named co-defendant, who is a citizen of the forum, has been served." *In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022). Ward's argument fails on multiple levels. To start, this case does not involve a snap removal because no defendant is a Texas citizen. Even if this case did involve a snap removal, § 1441's "plain language allows snap removal." *Texas Brine Co.*, 955 F.3d at 486–87.

Third, Ward insists that "[t]he presence of an in-state defendant is a procedural defect that warrants remand." Dkt. 8 at 2. This is just a restatement of Ward's forum-defendant rule argument. This argument fails for the reasons already discussed, most notably that there is not an in-state defendant.

Fourth, Ward claims that "Defendants lack standing as a lawful party, thus depriving this Court of Subject Matter Jurisdiction." *Id.* Although the contours of Ward's argument are not entirely clear, my impression is that Ward is trying to say that ServiceMac should not have been permitted to remove the case because it is

---

[3] Even if one of the defendants was a Texas citizen, the forum-defendant rule would still not apply because none of the defendants had been "properly joined and served" prior to removal. 28 U.S.C. § 1441(b)(2).

not a proper party. This argument is without merit. In its Plea In Intervention, ServiceMac explains that, although Ward named Citadel as the sole defendant in the case, ServiceMac took over the mortgage servicing duties from Citadel with respect to the loan in dispute. ServiceMac conducted the non-judicial foreclosure sale and "[t]he Property was sold back to [ServiceMac] (as purchaser for the Noteholder)." Dkt. 13 at 9. ServiceMac also seeks a declaratory judgment "that the non-judicial foreclosure sale conducted on February 3, 2026, was valid and effective, vesting fee simple title in [ServiceMac] (as purchaser for the Noteholder)." *Id.* at 10. Because ServiceMac has a justiciable interest in this matter, there was nothing improper about its removal of the case.

### CONCLUSION

For the reasons explained, I recommend that Plaintiff's Motion to Remand (Dkt. 8) be denied. This case should proceed in federal court.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this __20th__ day of May 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE